IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. SHANNON SHARP; and<br>2. ERIC M. THURSTON,<br><br>   Plaintiffs,<br><br>v.<br><br>1. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>   Defendant. | No. CJ-2022-1135<br><br>*Honorable Richard Ogden*<br><br>No.CIV- 22-854-JD<br><br>*Honorable* _____ |

## NOTICE OF REMOVAL

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by its undersigned attorneys, hereby gives notice of the removal of this action from the District Court of Oklahoma County, Oklahoma, to the United States District Court for the Western District of Oklahoma pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub.L. 109-2, 119 Stat. 4, codified in pertinent part at 28 U.S.C.A. §§ 1332(d) and 1453, and pursuant to 28 U.S.C.A. §§ 1441 and 1446.

**I.   Plaintiffs' State Court Filing.**

1. On March 11, 2022, Plaintiffs Shannon Sharp and Eric M. Thurston (collectively "Plaintiffs") commenced this action by filing a petition asserting individual and proposed class claims against State Farm in the District Court of Oklahoma County, Oklahoma, which was assigned case number CJ-2022-1135. *See* **Exhibit 1**, Class Action Petition. Plaintiffs never served the original petition. On September 7, 2022, Plaintiffs filed an Amended Class Action Petition (hereafter "Amended Petition"), which was served on

State Farm via the Oklahoma Insurance Commissioner on either September 7 or September 8, 2022. *See* **Exhibit 2**, September 8, 2022 Oklahoma Insurance Department letter with attached Summons and partial Amended Petition; and **Exhibit 3**, Affidavit of Process Server.

2.     Plaintiffs' Amended Petition alleges State Farm sold uninsured motorist ("UM") coverage to Plaintiffs "for multiple vehicles in each of the Plaintiffs' residences," but that State Farm ultimately provided UM coverage for only "the first vehicle." *See* **Exhibit 4**, Amended Class Action Petition ¶ 6.[1] Plaintiffs allege that "for all other vehicles" State Farm provided "guest passenger coverage" rather than UM coverage. *Id*.

3.     Specifically, the Amended Petition alleges that Plaintiff Thurston purchased four State Farm automobile insurance policies for his household, "each of which included UM coverage, and for each of which he paid a separate premium." *Id*. ¶ 7. The Amended Petition similarly alleges that Plaintiff Sharp purchased three State Farm automobile insurance policies, and that each policy included UM coverage for which he paid a separate premium. *Id*. ¶ 8. Although Plaintiffs acknowledge that UM coverage is not subject to stacking in Oklahoma, they claim that, based on the parties' course of dealing, State Farm should have known that Plaintiffs reasonably expected the policies to stack. *Id*. ¶¶ 5, 10-11.

4.     Based on these allegations, Plaintiffs assert a single cause of action for breach of contract, claiming that State Farm "failed and refused to provide the coverage promised

---

[1] Because the copy of the Amended Petition that State Farm received from the Insurance Commissioner is incomplete, State Farm attaches as **Exhibit 4** a complete copy of the Amended Petition obtained from the electronic docket for the state court action, available at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=cj-2022-1135.

to Plaintiffs." *Id.* ¶¶ 21-25. Plaintiffs purport to bring this claim on behalf of themselves and a proposed class consisting of "all natural person named insureds who, during at least one policy period, paid for more than one uninsured motorist policy in a single Oklahoma household from State Farm under policies governed by Oklahoma law during the class period." *Id.* ¶ 17.

5.  Plaintiffs seek, on behalf of themselves and the purported class, "recovery of premiums charged by State Farm for vehicles other than the first insured vehicle." *Id.* ¶¶ 16, 25-26.

6.  Plaintiffs define the "Class Period" as beginning "five years prior to the filing of this case 12 O.S. § 95(1), to wit: March 11, 2017[.]" *Id.* ¶ 18.

## II.   Bases for Removal.

7.  As set forth more fully below, this removal is procedurally and substantively appropriate. The removal is timely and venue is proper. In addition, removal is proper because this action satisfies CAFA's requirements of minimal diversity, asserted class size, and aggregate amount in controversy.

### A.   Procedural Removal Requirements Are Satisfied.

8.  This Notice of Removal is timely. State Farm was served with the Amended Petition via the Oklahoma Insurance Commissioner on either September 7 or September 8, 2022. *See* **Exhibit 2** (Summons stamped "Received Oklahoma Insurance Department Sep 08 2022 Legal Division"); and **Exhibit 3** (attesting that the Summons and Amended Class Action Petition were served on State Farm via the Insurance Commissioner on "9/7/2022").

This Notice of Removal has been filed within 30 days after September 7, 2022 – the earlier of those two dates – and thus, it is timely. *See* 28 U.S.C. §§ 1446(b)(1).

9. Venue is proper in this Court because the District Court of Oklahoma County, Oklahoma, is located within the Western District of Oklahoma. *See* 28 U.S.C. §§ 1441(a) (a state-filed action subject to federal jurisdiction may be removed to the district court for the district and division embracing the place where the action is pending).

10. Pursuant to 28 U.S.C. §§ 1446(a), copies of all process, pleadings, and orders contained within the state court file are attached and filed herewith along with a printout of the state court's docket. *See* **Exhibit Nos. 1, 3, 4, 5, 6 and 7.**

11. As required by 28 U.S.C. §§ 1446(d), copies of this Notice of Removal are being served upon Plaintiffs' counsel and filed with the Clerk of the District Court of Oklahoma County, Oklahoma.

    **B.    The Substantive CAFA Removal Elements Are Satisfied**.

12. Under CAFA, this Court has diversity jurisdiction over any asserted class action that: (1) includes at least one class member who is a citizen of a state different from any defendant; (2) would have at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5 million or more. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)-(6). Each requirement is satisfied here.

    **i. The Diversity Requirement Is Met.**

13. Plaintiffs allege they are domiciled in Oklahoma. Am. Pet. ¶¶ 1-2. Plaintiffs are accordingly citizens of Oklahoma. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th

4

Cir. 2014) ("For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state.").

14. State Farm is a corporation organized under Illinois law with its principal place of business in Bloomington, Illinois. State Farm is therefore a citizen of Illinois. 28 U.S.C. § 1332(c)(1); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 518 (10th Cir. 1994) (acknowledging State Farm is an "Illinois citizen"); *Hartford Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, No. 15-CV-119-JED-PJC, 2017 WL 3326460, at *2 (N.D. Okla. Aug. 3, 2017) (finding diversity of citizenship between a Connecticut entity and State Farm, an Illinois corporation with its principal place of business in Illinois); *Proctor v. State Farm Fire & Cas. Co.*, No. CIV-06-1150-T, 2007 WL 9711213, at *1 (W.D. Okla. Jan. 30, 2007) (noting that State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois).

15. These allegations satisfy complete diversity, and as such easily satisfy CAFA's minimal diversity requirement under 28 U.S.C. § 1332(d)(2)(A).

### ii. The Asserted Class Size Requirement is Satisfied.

16. Plaintiffs seek to represent a putative class of "all natural person named insureds who, during at least one policy period, paid for more than one uninsured motorist policy in a single Oklahoma household from State Farm under policies governed by Oklahoma law during the class period." Am. Pet. ¶ 17. Plaintiffs allege that State Farm "writes tens of thousands of policies annually, and, on information and belief, thousands of policies involve named insureds who buy UM insurance on more than one vehicle at a time." *Id*. ¶ 19. State Farm is entitled to rely on this allegation for purposes of satisfying

CAFA's minimum 100 putative class member requirement. *See Stauffer v. All. Data Sys. Corp.*, No. 05-CV-400-HDC-FHM, 2006 WL 8457313, at *2 (N.D. Okla. Aug. 2, 2006) (in considering whether all requirements are met to certify a class, "the court must accept the substantive allegations of the complaint as true").

17.  In addition, State Farm's records confirm that the class Plaintiffs seek to represent includes more than 100 members. State Farm determined from its data that as of March 2022, when Plaintiffs commenced their original action, there were in Oklahoma approximately 60,000 State Farm-issued private passenger policies with UM coverage insuring "excess" vehicles – meaning vehicles other than the first insured vehicle – in a household. The named insureds on each of those policies are potentially members of the asserted class.

### iii.  This Action Places Over $5 Million in Controversy.

18.  Like a complaint, a notice of removal need only contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272 (10th Cir. 2011). As the Supreme Court has explained, by borrowing the "short and plain statement" standard from Federal Rule of Civil Procedure 8(a), Congress intended to simplify removal pleading requirements and clarify that courts should apply the same liberal rules to removal allegations as are applied to other pleadings. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). In keeping with this approach, a defendant's notice of removal need only include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

19. State Farm certainly disputes that Plaintiffs have stated any viable claims, or that any relief whatsoever is owed to Plaintiffs or the asserted class. Among other things, Plaintiffs' claims are foreclosed by the decision of the Oklahoma Supreme Court in a previous case brought by Plaintiff Thurston, *Thurston v. State Farm Mut. Auto. Ins. Co.*, 478 P.3d 415 (Okla. 2020). Thurston argued in the previous case that "State Farm charging and accepting separate premiums was an express provision for stacking" and that "he did not receive the UM coverage he paid for." *Id.* at 421. The Oklahoma Supreme Court rejected Thurston's position, recognizing both that Oklahoma law *requires* insurers to offer UM insurance on every policy, and that the reasonable expectations doctrine did not apply because the State Farm insurance contract is unambiguous. *Id.*

20. What matters to the jurisdictional inquiry, however, is the amount the proposed class could conceivably recover if Plaintiffs succeeded in this suit. *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

21. The Amended Petition does not specify the aggregate damages of the proposed class, but Plaintiffs seek to recover premiums paid to State Farm by members of the proposed class for UM coverage on vehicles other than the first insured vehicle in a household for a period five years prior to the filing of the lawsuit. Am. Pet. ¶¶ 16, 25-26. Plaintiffs allege that damages per vehicle per year are "circa $50 or less," and calculate that, for a household with three cars, damages for the asserted five-year period would be

$500 ($50 per year for each of the two cars after the first insured car, multiplied by five years). *Id.*

22.  As noted above, State Farm estimates that as of March 2022 there were approximately 60,000 State Farm-issued private passenger policies with UM coverage insuring excess vehicles in a multi-vehicle household in Oklahoma. One year prior to the filing of Plaintiffs' original petition, as of March 2021, there were approximately 58,000 such policies. Thus, looking at just two years of the five-year period asserted by Plaintiffs, and applying Plaintiffs' proposed damages methodology of multiplying the number of excess vehicle policies by $50 per year, the amount in controversy plainly exceeds $5 million. (60,000 x $50 = $3,000,000; 58,000 x $50 = $2,900,000; $3,000,000 + $2,900,000 = $5,900,000.)

## CONCLUSION

23.  For the foregoing reasons, State Farm has properly alleged all prerequisites for the Court to exercise CAFA jurisdiction over this action.

**WHEREFORE**, State Farm hereby removes this action from the District Court of Oklahoma County, Oklahoma, to the United States District Court for the Western District of Oklahoma.

Dated: September 27, 2022.    Respectfully submitted,

**WILSON, CAIN & ACQUAVIVA**
300 N.W. 13th Street, Suite 100
Oklahoma City, OK 73103
Telephone:  (405) 236-2600
Fax:   (405) 231-0062


*s*/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr., OBA #11743
JTAcqua@wcalaw.com
Elizabeth A. Snowden, OBA #22721
beths@wcalaw.com

**ATTORNEYS FOR DEFENDANT
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

__X__   I hereby certify that on the 27th day of September 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF Filing System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registered participant(s) of the ECF System:

| | |
|---|---|
| Edward L. White<br>**EDWARD L. WHITE, P.C.**<br>829 E. 33rd Street<br>Edmond, OK 73034 | ed@edwhitelaw.com |
| Monty L. Cain<br>Anthony M. Alfonzo<br>**CAIN LAW OFFICE**<br>P.O. Box 892098<br>Oklahoma City, OK 73189 | Monty@cainlaw-okc.com<br>Anthony@cainlaw-okc.com |
| Mickey Walsh<br>Derek S. Franseen<br>**WALSH & FRANSEEN**<br>200 E. 10th Street Plaza, Suite 150<br>Edmond, OK 73034 | mwalsh@walshwok.com<br>dfranseen@walshwok.com |

**ATTORNEYS FOR PLAINTIFFS**

____   I hereby certify that on the _____ day of September 2022, I emailed the attached document and also mailed the same with proper postage prepaid thereon, to the following who are not registered participants of the ECF System:

                                                  s/Joseph T. Acquaviva, Jr.
                                                  Joseph T. Acquaviva, Jr.
                                                  Elizabeth A. Snowden