**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SHANNON SHARP; and ERIC M. THURSTON,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. CIV-22-854-R** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is the Motion to Dismiss (Doc. No. 13) filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Plaintiffs responded in opposition to the motion. (Doc. No. 20). Defendant filed a reply in support of its position (Doc. No. 21), and with leave of Court Plaintiffs filed a surreply. (Doc. No. 25). Upon consideration of the parties' submissions, the Court finds as follows.

Plaintiffs filed this putative class action in the District Court of Oklahoma County alleging breach of contract by State Farm with regard to uninsured/underinsured ("UM") motorist coverage. Plaintiffs allege they were billed for UM for all vehicles insured by State Farm but that State Farm provides true UM coverage for only the first vehicle, providing lesser, guest passenger coverage for all remaining vehicles. Defendant removed the action to this Court and filed the instant motion, arguing that the Oklahoma Supreme Court has rejected the premise of this case and that it did so in a case filed by Plaintiff Thurston. *See Thurston v. State Farm Mutual Automobile Ins. Co.*, 478 P.3d 415 (Okla.

2020) ("*Thurston I*").[1] As a result, Defendant contends Plaintiffs have failed to state a claim and further, that the instant claim is barred by the results of the prior litigation.[2]

In *Thurston I*, the Oklahoma Supreme Court noted that prior to passage of the 2014 amendment to Okla. Stat. tit. 36 § 3636, the court required insurers to stack or aggregate coverage when they charged multiple UM premiums for multiple vehicles, whether on the same or separate policies. *Id.* at 419. The court construed § 3636 and following its plain language concluded that, in the absence of express language by the insurer, UM coverage does not stack. The court further noted:

> Although not allowing stacking prevents Thurston from receiving primary coverage benefits under multiple policies, he still received secondary coverage on those vehicles—providing UM protection to passengers and permissive users that qualify as insured only by virtue of their physical presence in the vehicle.

*Id*. at 421. Defendant State Farm contends that the ruling in *Thurston I*, that State Farm was required to offer UM coverage by law, and that it was not required to stack the coverage in light of § 3636 despite charging premiums on all policies, is fatal to Plaintiffs' current claims. In support, Defendant cites to the doctrines of issue preclusion and claim preclusion and the prohibition against claim splitting. Finally, Defendants argue that

---

[1] The Supreme Court of Oklahoma reviewed an interlocutory order and affirmed the district court ruling in favor of State Farm and thereafter remanded the case, at which time Plaintiff Thurston voluntarily dismissed the action. The instant case is a refiling of that action. Sharp filed a similar action but dismissed without prejudice and joined Thurston in this refiling.

[2] Plaintiff Sharp voluntarily dismissed Defendant State Farm from his initial civil action, Case No. CJ-2018-2720, District Court of Oklahoma County on April 5, 2021. The voluntary dismissal also dismissed the State Farm agency and its agent, leaving only the underlying tortfeasor's estate in the case. Thereafter Plaintiff filed a non-specific dismissal with prejudice, not identifying any particular Defendant in the body thereof. The Court finds, however, that the dismissal with prejudice applied to the sole remaining defendant, the tortfeasor's estate, the others having been dismissed pursuant to Okla. Stat. tit. 12 § 683 or 684 by virtue of the April 5, 2021 filing. Accordingly, as to Plaintiff Sharp, the Court finds no basis for addressing the issues of preclusion or claim splitting. The same does not hold true with regard to Plaintiff Thurston for the reasons set forth infra.

Plaintiffs have failed to state a claim because they do not identify any particular contractual provision breached by State Farm.

Plaintiffs contend there was no merits resolution in *Thurston I* and further that they have alleged a breach of contract action because Defendant, by virtue of the policies at issue, has not provided what it promised, UM coverage on all vehicles. The Court first notes its disagreement with Plaintiffs' contention that *Thurston I* was not a resolution on the merits of any claims and that this is a refiling of that action.

Citing Okla. Stat. tit 12 § 684, Plaintiff Thurston claims he had an absolute right to dismiss without prejudice. He further contends that by virtue of Okla. Stat. tit. 12 § 100, this action is a refiling of each of their prior cases, and that any new claims "relate back" because they "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Doc. No. 20, p. 15 (quoting Fed. R. Civ. P. 15(c)(1)(B)). The Court disagrees that Plaintiff Thurston had the absolute right to dismiss his prior action without prejudice. *See Brandt v. Joseph F. Gordon Architect, Inc.*, 998 P.2d 587 (Okla. 1999).

In *Brandt*, the court concluded the plaintiff was without "liberty to dismiss without leave of the court, after the court rendered a bench ruling in Defendant's favor on the summary judgment motions." *Id.* at 590. The court concluded that a ruling from the bench on such a motion was a "final submission" for purposes of both Okla. Stat. tit. 12 § 683 and § 684. Pursuant to § 683, "an action may be dismissed, without prejudice to a future action, [b]y the plaintiff, before the final submission of the case to the . . . court." As a result, and because the trial court ruled in defendant's favor on the issue of summary

judgment, although no journal entry had been executed when plaintiff attempted to dismiss, the trial court deprived the plaintiff of the virtually unrestricted right to dismiss available under § 683.

> [W]e find a party against whom a summary judgment is sustained can no longer, as a matter of right, dismiss his claim without prejudice. The decision is effectively final for that party and he must appeal to the trial court's discretion.

*Brandt,* 998 P.2d at 591. In *Thurston I*, the court addressed whether State Farm, by accepting UM payments for multiple cars, expressly provided for stacking of the UM coverage between vehicles. Wrapped up in that conclusion were a number of other issues, including the finding by the court that Defendant State Farm was statutorily obligated to offer UM insurance on all policies. S*ee* Okla. Stat. tit. 36 § 3636(A). The court noted that State Farm did provide UM coverage.

> Although not allowing stacking prevents Thurston from receiving primary coverage benefits under multiple policies, he still received secondary coverage on those vehicles—providing UM protection to passengers and permissive users that qualify as insureds only by virtue of their physical presence in the vehicle.

*Thurston I*, 478 P.3d at 421. This finding is consistent with the terms of the policy at issue in this case, included as Exhibit A to Plaintiffs' Amended Petition. Plaintiffs allege that "State Farm failed and refused to advise Plaintiffs and the class that they were purchasing two different kinds of coverage. State Farm induced Plaintiffs to purchase and sold them 'UM coverage' but State Farm delivered a different, less valuable coverage." (Doc. No. 1-4, ¶ 6). Plaintiffs attempt to rely on the reasonable expectations doctrine (*Id.* ¶ 11) but admit that the "Amendatory Endorsement" specifically informed them that UM coverage would

not be stacked, and the amount paid for UM would be the "single highest applicable limited provided by any one of the policies.[3]" *Id.* Given this policy language, which the *Thurston I* court found unambiguous, a legal finding with which this Court agrees, Plaintiffs cannot rely on the reasonable expectations doctrine. *Id.*

Although Plaintiffs attempt to characterize their claims as different from the claim addressed in *Thurston I*, at bottom, the claims have sufficient crossover such that certain of the issues raised here were resolved by the Oklahoma Supreme Court. "Under the doctrine of issue preclusion … once a court has decided an issue of fact or of law necessary to its judgment, the same parties or their privies may not relitigate that issue in a suit brought upon a different claim." *Nat'l Diversified Bus. Servs., Inc. v. Corp. Fin. Opportunities, Inc.*, 946 P.2d 662, 666–67 (Okla. 1997). "For invocation of issue preclusion, there need not be a judgment on the merits (as it is often the case with *res judicata*), but only a final determination of a material issue (common to both cases)." *Id* at 667.

The crux of Plaintiffs' claim here is that because the UM coverages for various policies do not stack, they were overcharged. Defendant, however, did not hide the fact that the policies did not stack. Amendatory Endorsement 6128AP specifically provides:

> If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to *you* or any *resident relative* by the *State Farm Companies* apply to the same *bodily injury*, then
>
> > a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

[3] The Oklahoma Supreme Court rejected reliance on the reasonable expectations doctrine, finding "that doctrine is not applicable here because the insurance contract is not ambiguous." *Thurston II*, 478 P.3d at 421.

> b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. *We* may choose one or more policies from which to make payment.

Doc. No. 1-4, p. 11. The endorsement continues by further limiting State Farm's UM exposure. *Id*. Furthermore, as identified in *Thurston I,* the endorsement does not eliminate UM coverage on the additional policies, but rather provides coverage for Class 2 insureds, that is, "individuals insured in the policy only by reason of their occupancy or permissive use of a covered vehicle." *American Econ. Ins. v. Bogdahn*, 89 P.3d 1051, 1054-55 (Okla. 2004)(internal quotation marks and citation omitted).

At bottom this case presents the same issues as *Thurston I*, packaged in a slightly different form. Therefore, the Court concludes that the outcome herein, that is, the dismissal of the Amended Petition, directly follows the outcome in *Thurston I*. For Plaintiff Thurston it is because issue preclusion prevents a finding that Defendant breached some unidentified provision in the policy. For Plaintiff Sharp it is because the findings of the court in *Thurston I* apply equally to his claims, the legal rationale remaining the same in light of his allegations that parallel those of Plaintiff Thurston. Therefore, the Court concludes that Defendant's Motion to Dismiss is well taken.

For the reasons set forth herein, the Motion to Dismiss is GRANTED.

**IT IS SO ORDERED** this 6th day of April 2023.

David L. Russell

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**